**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **RODNEY ELDER,** | § | |
| **Petitioner,** | § | |
| | § | |
| **V.** | § | **A-12-CA-282-LY** |
| | § | |
| **RICK THALER,** | § | |
| **Director, Texas Dept. of Criminal Justice-** | § | |
| **Correctional Institutions** | § | |
| **Division,** | § | |
| **Respondent.** | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

TO:    THE HONORABLE LEE YEAKEL
       UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Petitioner's Application for Habeas Corpus Relief under 28 U.S.C. § 2254 (Document 1) and Petitioner's Memorandum In Support (Document 3). Petitioner, proceeding pro se, has been granted leave to proceed in forma pauperis.  For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be dismissed.

# I.  STATEMENT OF THE CASE

**A.      Petitioner's Criminal History**

According to Petitioner, the Director has custody of him pursuant to a judgment and sentence of the 167th Judicial District Court of Travis County, Texas.  Petitioner asserts he was convicted of aggravated sexual assault of a child on July 10, 1996, and was sentenced to 35 years in prison. Petitioner indicates his conviction was affirmed on January 8, 1998.

Petitioner also challenged his conviction in a state application for habeas corpus relief. According to Petitioner, he filed his state application on December 28, 2007.  The Texas Court of Criminal Appeals denied the application without written order on October 20, 2010.  Ex parte Elder, Appl. No. 70,901-03.

**B.      Factual Background**

The factual background of this case is found in the Court of Appeals opinion and is repeated below.

> The evidence showed that [the complainant], when she was five years old, had been sexually assaulted. [The complainant] testified at trial that her "Uncle Rod" had done it, although she was unable to identify the Appellant from the stand. [The complainant's] older brother and sister ... testified that Appellant had slept with [the complainant] in the top bunk of their bunk beds on the night of the alleged offense. Both [siblings] said they felt the bed shake sometime during the night. When [the complainant] got up the next morning, she told her mother [sic] and sister what had happened, as well as their mother.... [The complainant's mother] brought her daughter to Seton Hospital for examination sometime that night.

> Although [the mother] was the outcry witness, she did not testify at trial. [She] had apparently lost custody of her children for abusing and neglecting them sometime between the time of the alleged offense and the time the case finally went to trial. Although the children identified [the mother's] live-in boyfriend at the time of the offense as "Mike," the man who showed up at the hospital that night identifying himself as her boyfriend was a man named David Creighton. Testimony of various siblings of Appellant and [the mother] showed that [the mother] lived with

2

her children in very close quarters, in a 32-foot travel trailer, and that [she] had overnight visits with a number of different men while the children were present.

Various physicians and mental health professionals testified that, in their opinion, [the complainant] had been sexually abused, and that [the complainant] had identified "Uncle Rod" as the perpetrator. Appellant took the stand and denied the offense. Appellant claimed that he and his sister [the complainant's mother] had a falling out over her desire to sell the trailer for a fraction of its worth and over her unseemly and irresponsible behavior with regard to the children.

Elder v. State, No. 03-96-00708-CR, 1998 WL 3208 (Tex. App. – Austin 1998, no pet.).

**B.     Petitioner's Grounds for Relief**

Petitioner raises the following grounds for relief:

1.     His rights to due process and to a unanimous jury verdict were violated when the jury returned a guilty verdict to a disjunctive charge containing three different offenses set out in one count;

2.     His rights to due process and to an impartial jury were violated when the dead-locked jury returned a verdict within minutes of receiving a coercive Allen charge;

3.     His rights to due process and due course of law were violated when he was denied a directed verdict and was convicted of a crime in which he was not visually identified by the complainant;

4.     His rights to due process and due course of law were violated when he was found guilty and deprived of his liberty for a crime of which he was actually innocent;

5.     His rights to due process and effective assistance of counsel were violated when his trial counsel filed a motion for new trial and failed to present the motion or supporting affidavits to the trial court while remaining the attorney of record;

6.     His rights to due process and effective assistance of counsel were violated when his attorney failed to procure an expert witness;

7.     His rights to due process and effective assistance of counsel were violated when his attorney failed to object to the disjunctive jury charge while failing to require the State to elect an offense;

3

8.      His rights to due process and effective assistance of counsel were violated when his attorney failed to preserve error by failing to object to the coercive <u>Allen</u> charge submitted to the jury; and

9.      His rights to due process and effective assistance of counsel were violated when his appellate attorney failed to provide a meaningful appeal by filing an <u>Anders</u> brief.

## II.   DISCUSSION AND ANALYSIS

### A.      Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief.  <u>See</u> 28 U.S.C. § 2244(d).  That section provides, in relevant part:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

### B.      Application

Petitioner's conviction became final, at the latest, on February 7, 1998, at the conclusion of time during which he could have filed a petition for discretionary review with the Texas Court of Criminal Appeals, which according to Tex. R. App. R. 68.2, is 30 days following the court of

appeals' judgment affirming his conviction.  Gonzalez v. Thaler, 623 F.3d 222 (5th Cir. 2010) (holding a conviction becomes final when the time for seeking further direct review in the state court expires).  Petitioner executed his federal application for habeas corpus relief on March 21, 2012, more than thirteen years after Petitioner's conviction became final.  Petitioner's state application does not operate to toll the limitations period, because it was filed on December 28, 2007, long after the limitations period had already expired.  Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000).

Petitioner argues he is entitled to equitable tolling.  The Supreme Court recently announced, the AEDPA's statute of limitations is subject to equitable tolling in proper cases.  See Holland v. Florida, 130 S. Ct. 2549, 2560 (2010).  "A habeas petitioner is entitled to equitable tolling only if he shows '(1) that he ha[d] been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'"  Mathis v. Thaler, 616 F.3d 461, 474 (5th Cir. 2010) (quoting Holland, 130 S. Ct. at 2562) (alteration in original) (internal quotation marks omitted).  Holland defines "diligence" for these purposes as "reasonable diligence, not maximum feasible diligence." 130 S. Ct. at 2565 (internal citations and quotation marks omitted). The Fifth Circuit has repeatedly emphasized that equitable tolling is not available to "those who sleep on their rights." See, e.g., Covey v. Ark. River Co., 865 F.2d 660, 662 (5th Cir. 1989).

Although the Fifth Circuit has permitted equitable tolling in certain cases, it requires a finding of "exceptional circumstances." Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998), cert. denied, 119 S. Ct. 1474 (1999) (finding "exceptional circumstances" in a case in which the trial court considering the petitioner's application under Section 2254 granted the petitioner several extensions of time past the AEDPA statute of limitations).  The Fifth Circuit has consistently found no exceptional circumstances in other cases where petitioners faced non-routine logistical hurdles in

submitting timely habeas applications. See Felder v. Johnson, 204 F.3d 168, 171 (5th Cir. 2000) (proceeding pro se is not a "rare and exceptional" circumstance because it is typical of those bringing a § 2254 claim); Fisher v. Johnson, 174 F.3d 710 (5th Cir. 1999) (finding no exceptional circumstances where a petitioner did not learn of the AEDPA until 43 days after its passage and spent 17 days in an incapacitated psychiatric and medical condition inside the limitations period); Cantu-Tzin v. Johnson, 162 F.3d 295, 297 (5th Cir. 1998) (finding no exceptional circumstances where a petitioner showed "disdain for and lack of cooperation with state access-to-counsel procedures and the AEDPA deadline").  As the Fifth Circuit has pointed out, "Congress knew AEDPA would affect incarcerated individuals with limited access to outside information, yet it failed to provide any tolling based on possible delays in notice." Fisher, 174 F.3d at 714.  The Fifth Circuit explained that equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights," and noted that "excusable neglect" does not support equitable tolling. Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999) (quoting Rashidi v. America President Lines, 96 F.3d 124, 128 (5th Cir. 1996)).  The Court finds that Petitioner's circumstances are not "rare and exceptional" in which equitable tolling is warranted.

Petitioner also argues his untimely filing should be excused, because he is actually innocent. The one-year limitations period established by § 2244(d) contains no explicit exemption for petitioners claiming actual innocence of the crimes of which they have been convicted.  As a consequence, a petitioner's claim of actual innocence is relevant to the timeliness of his petition if the claim justifies equitable tolling of the limitations period. Cousin v. Lensing, 310 F.3d 843, 849 (5th Cir. 2002).  The Fifth Circuit has previously held that such claims do not. Felder v. Johnson,

6

204 F.3d 168, 171 (5th Cir. 2000) (petitioner's unsupported actual innocence claim does not constitute grounds for equitable tolling "given that many prisoners maintain they are innocent"); Molo v. Johnson, 207 F.3d 773, 775 (5th Cir. 2000) (petitioner who fails to show factual innocence has not shown how the limitations period made the habeas corpus remedy inadequate or ineffective for him, since nothing prevented him from filing a petition before the limitations period expired).

Moreover, a habeas petitioner who seeks to surmount a procedural default through a showing of "actual innocence" must support his allegations with "new, reliable evidence" that was not presented at trial and must show that it was more likely than not that, in light of the new evidence, no juror, acting reasonably, would have voted to find the petitioner guilty beyond a reasonable doubt. See Schlup v. Delo, 513 U.S. 298, 326–27, 115 S. Ct. 851 (1995); see also House v. Bell, 547 U.S. 518, 126 S. Ct. 2064 (2006) (discussing at length the evidence presented by the petitioner in support of an actual-innocence exception to the doctrine of procedural default under Schlup). "Actual innocence" in this context refers to factual innocence and not mere legal sufficiency.  Bousely v. United States, 523 U.S. 614, 623–624, 118 S. Ct. 1604 (1998).  In this case, Petitioner has made no attempt to show he was actually innocent.

The record does not reflect that any unconstitutional state action impeded Petitioner from filing for federal habeas corpus relief prior to the end of the limitations period.  Furthermore, Petitioner has not shown that he did not know the factual predicate of his claims earlier.  Finally, the claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review.

## III.  RECOMMENDATION

It is recommended that Petitioner's application for writ of habeas corpus be dismissed with prejudice as time-barred.

## IV.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."  28 U.S.C. § 2253(c) (1)(A).  Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595 (2000).  In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Id.  "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Id.

In this case, reasonable jurists could not debate the dismissal of the Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to

deserve encouragement to proceed. <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 327, 123 S. Ct. 1029 (2003) (citing <u>Slack</u>, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court shall not issue a certificate of appealability.

## V. OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. <u>Battles v. United States Parole Comm'n</u>, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. <u>See</u> 28 U.S.C. § 636(b)(1)(C); <u>Thomas v. Arn</u>, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985); <u>Douglass v. United Servs. Auto. Assoc.</u>, 79 F.3d 1415 (5th Cir. 1996)(en banc).

9

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 3rd day of April, 2012.

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE